UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * * *

David Allen Hillsman,

Petitioner,

vs. REPORT AND RECOMMENDATION

T.C. Peterson, Warden,
Sandstone F.C.I., Minnesota,

Respondent. Civ. No. 00-225 (PAM/RLE)

* * * * * * * * * * * * * * * * * * *

At Duluth, in the District of Minnesota, this 1st day of March, 2000.

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon a Petition for a Writ of Habeas Corpus, see Title 28 U.S.C. §2241. The Petitioner appears pro se, and no appearance has, as yet, been made by the Respondent.

For the reasons which follow, we recommend that the Petition for a Writ of Habeas Corpus be summarily dismissed.

II. Factual and Procedural Background

The Petitioner is a Federal prisoner, who is currently incarcerated at the Federal Correctional Institution in Sandstone, Min-

FILED MAR 01 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

nesota, where he is serving a 216-month sentence, which was imposed by the United States District Court for the District of Oregon, after the Petitioner pled guilty to possession with intent to distribute, and to conspiring to distribute methamphetamine, in violation of Title 21 U.S.C. §§841(a)(1), 841(b)(1)(A)(viii), and 846. See, United States v. Hillsman, 188 F.3d 515, 1999 WL 613421 (9th Cir. Aug. 12, 1999)(Table Decision). The Petitioner advises that, as a part of his plea agreement, he waived his right to file a direct appeal, as well as his statutory right to file a Motion attacking his sentence under Title 28 U.S.C. §2255. Petitioner's Memorandum in Support of Petition for Writ of Habeas Corpus, at iv.

Notwithstanding his plea agreement, on May 9, 1997, the Petitioner filed a Section 2255 Motion with the Sentencing Court, which challenged his sentence on the ground that the length of his sentence was incorrectly calculated, and on the basis of an asserted ineffectiveness of counsel. On August 18, 1997, the District Court denied the Petitioner's Motion, based on the Petitioner's waiver at the time of sentencing. Thereafter, he filed a Motion under Title 18 U.S.C. §3582, which provides redress if the Sentencing Guidelines were changed subsequent to the defendant's sentencing, see, Hamilton v. United States, 67 F.3d 761, 764 (9th Cir. 1995), in which he argued that his sentence violated the United States Sentencing Guidelines ("U.S.S.G.") §2D1.1, as clarified by Amendment

484. The referenced Amendment excludes the weight of "materials that must be separated from the controlled substance before the controlled substance can be used" from consideration when determining the length of a sentence. U.S.S.G. §2D1.1, comment n. 1; United States v. Hillsman, supra at *1.

The District Court rejected the Petitioner's Motion on the ground that Amendment 484 was in effect prior to his plea and sentencing. See, United States v. Hillsman, supra at *1; Title 18 U.S.C. §3583. In an effort to consider the Petitioner's claim on its merits, the District Court also broadly construed his Motion as one for relief under Section 2255, but was compelled to deny it as successive to his earlier Section 2255 Motion. Upon appeal, the Court of Appeals for the Ninth Circuit affirmed the District Court. Id. The Court of Appeals' dismissal was, however, without prejudice to the Petitioner filing a request for a certificate of appealability under Section 2255.

On January 31, 2000, the Petitioner filed this Petition for a Writ of Habeas Corpus, in which he asserts that he is being illegally detained, because the Sentencing Court improperly imposed a sentence of 216 months, in violation of the U.S.S.G. §2D1.1, and because his plea was prompted by ineffective assistance of his Trial Counsel, in violation of his Sixth Amendment guarantees.

## III. Discussion

Upon our independent review of the Petition, we conclude that we are without jurisdiction, under Title 42 U.S.C. §2241, to address the claims that the Petitioner seeks to raise here. The law is settled that challenges to the lawfulness of a conviction, or to a sentence -- rather than to the lawfulness of the execution of a sentence -- are generally not reviewable by the Habeas mechanism but, rather, should be submitted to the Sentencing Court in a Section 2255 Motion. See, Title 28 U.S.C. §2255; DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986); Thompson v. Smith, 719 F.2d 938, 940 (8th Cir. 1983).

Before the enactment of Section 2255 in 1948, Federal prisoners, who sought to collaterally attack their convictions or sentences, were required to file Petitions for Habeas Corpus in the District Court in the District in which they were incarcerated. As a consequence, these challenges were unduly concentrated in those relatively few Districts that contained Federal prisons. Section 2255 was enacted in order to change the venue of post-conviction proceedings, which are initiated by Federal prisoners, from the District of incarceration, to the District in which the prisoner had been sentenced, thereby ensuring a more even distribution of Federal post-conviction proceedings. See, United States v. Hayman, 342 U.S. 205, 212-19 (1952).

In an apparent recognition of the constitutional questions which might arise from totally foreclosing the availability of Habeas relief, Congress created a safety valve, within Section 2255, by expressly permitting a Federal prisoner to mount an attack upon his conviction, by means of a Habeas Petition, if it appeared that a Section 2255 Motion "[would be] inadequate or ineffective to test the legality of [the prisoner's] * * * detention." Title 28 U.S.C. §2255. According to our Court of Appeals, a would-be Habeas Petitioner bears the burden of demonstrating, as a precondition to applying for Habeas Corpus, that the remedy in the Sentencing Court is inadequate or ineffective. DeSimone v. Lacy, supra at 323.

Courts have construed the "inadequate or ineffective" safety valve narrowly, so as to prohibit a Court, in the District in which the prisoner is confined, from second-guessing the Sentencing Court, and the Court of Appeals to which that Court is responsible, or from engaging in an end-run around the procedural strictures that Congress has set forth in Section 2255. Ordinarily, "the remedy afforded by Section 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision, * * * or because an individual is procedurally barred from filing a §2255 motion." In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997); see also, Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996); Tripati v. Henman, 843 F.2d

1160, 1162 (9th Cir. 1988), cert. denied, 488 U.S. 982 (1988); cf., Johnson v. Petrovsky, 626 F.2d 72, 73 (8th Cir. 1980)(holding that prisoner, who was denied relief under Section 2255, was precluded from raising same grounds in Habeas Petition under Section 2241).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, §105, 110 Stat. 1220, amended Section 2255 by restricting the circumstances under which Federal prisoners are permitted to file second or successive Motions that attack their sentences, and this has spawned a new category of cases, in which the Section 2255 remedy is no longer considered adequate or effective. The AEDPA, which retained Section 2255's "inadequate or ineffective" clause, added the following language to the Section:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain[1] --

---

[1]The relevant portions of Section 2244 are as follows:

> (A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
>
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the

(continued...)

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Title 28 U.S.C. §2255.

Under this provision, a Federal prisoner is not allowed to file a second or successive Section 2255 Motion, so as to take advantage of an intervening change in substantive, non-constitutional precedent that defines the reach of a Statute, even though the change

---

[1](...continued)
court of appeals.

> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
>
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
>
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

Title 28 U.S.C. §2244(b)(3).

may suggest that the prisoner is actually innocent of the offense for which he is confined.

We recognize a growing body of authority which holds that, when a Section 2255 ruling operates to preclude collateral review of a Federal detention, in such a manner that "would raise serious questions as to the constitutional[2] validity of the amendments to §2255," the Section 2255 procedure is "inadequate and ineffective" to test the legality of the detention, and a Petition for a Writ of Habeas Corpus should be allowed in a District Court. Triestman v. United States, 124 F.3d 361, 379 (2nd Cir. 1997); In re Hanserd, 123 F.3d 922, 930 (6th Cir. 1997); In re Dorsainvil, 119 F.3d 245, 251 (3rd Cir. 1997); In re Vial, supra at 1198 (Hamilton, J., concurring in Judgment)(noting availability of Section 2241 relief); United States v. Lorentsen, 106 F.3d 278, 279 (9th Cir. 1997). All of these cases dealt with challenges to convictions, for using or carrying a firearm, as being in conflict with the Supreme Court's interpretation of Title 18 U.S.C. §924(c)(1), in

---

[2]The Court of Appeals for the Second Circuit has noted that "serious and unresolved constitutional issues" arise from the continued incarceration of an individual who is actually innocent of the crime of which he was convicted. See, Harare v. Collins, 506 U.S. 390, 432, n. 2 (1993)(Blackmun, J., dissenting)(it "may violate the Eighth Amendment to imprison someone who is actually innocent"); Schlup v. Delo, 513 U.S. 298, 325 (1995)("concern about the injustice that results from the conviction of an innocent person has long been at the core of our criminal justice system.").

Bailey v. United States, 516 U.S. 137 (1995). Specifically, these Courts were concerned with the application of one of the AEDPA's new provisions, which does not allow a change in substantive, non-constitutional law to be litigated in a successive Section 2255 Motion that alleges a prisoner's actual innocence in view of an intervening change in substantive, nonconstitutional law. See, Title 28 U.S.C. §2255 (a successive Motion is justiciable only if based on "newly discovered evidence," or a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.").

In expounding upon the meaning of "inadequate or ineffective," the Seventh Circuit Court of Appeals has reasoned:

> A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense. It could indeed, though this we need not decide, be thought an inadequacy of constitutional dimensions.

In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998).

The Court held that a "federal prisoner should be permitted to seek habeas corpus only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." Id. Further, the Court stated that a Federal prisoner

would not be able to resort to Section 2241 unless the change in the law had been made retroactive by the Supreme Court, the change "eludes the permission in section 2255 for successive motions," and the change in the law is not merely a difference in the law of the Circuit, in which the prisoner was sentenced, and the law of the Circuit, in which he is incarcerated. Id. at 611-12.

In this case, the Petitioner relies on no intervening change in substantive, nonconstitutional law, as a basis for the inadequacy or ineffectiveness of the remedy afforded by Section 2255. Rather, his claim concerning the misapplication of Amendment 484 to the calculation of his sentence, as well as his claim of ineffective assistance of counsel, were available to him, and asserted, at the time of his original 2255 Motion. While we are not unmoved by the Petitioner's assertion that his sentence is unjust in light Amendment 484, we are constrained in our ability to address his claims in this forum, as well as in the form of a Section 2241 Habeas Petition. Unlike those Federal prisoners who were permitted to bring their Bailey claims in a Habeas Petition -- because Section 2255 offered absolutely no opportunity for judicial relief -- the Petitioner incorrectly argues that a Section 2255 Motion is not available to him, until such time as he exhausts his other avenues to challenge his sentence -- namely, by petition for Habeas relief under Section 2241. We pause to underscore a critical flaw in the

Petitioner's appraisal of those avenues, which are presently available to him, by which to challenge the sentence of the District Court in the District of Oregon.

The Petitioner contends that the Ninth Circuit's reference to United States v. Lorentsen, supra at 279, in its affirmance of the District Court, establishes that, before he may properly seek certification to pursue a 2255 Motion, he must first exhaust his recourse to judicial review under Section 2241. In this respect, the Petitioner plainly misperceives the holding in Lorentsen, as well as the procedural requirements for certification under Section 2255. In Lorentsen, the Court of Appeals for the Ninth Circuit observed that the appellant's claim, there, that the Court's refusal to certify his successive Section 2255 Motion would deny him a judicial remedy, thus raising constitutional concerns as to its procedures, was incorrect. Id. The Court noted that the appellant's concerns were premature, because he had yet to test other judicial remedies that may be available to him. Id. In particular, the Court identified Habeas review under Section 2241 as a possible avenue to redress his claims. Id.

The Court of Appeals went on, however, to explain that the express terms of Section 2255 permit resort to Habeas Corpus under Section 2241, if it "appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Id.,

citing 28 U.S.C. §2255. This does not mean, as the Petitioner contends, that a Petition for review under Section 2241 is a pre-requisite for seeking certification for a successive 2255 Motion to the Sentencing Court. Rather, a Petition under Section 2241 is only permitted where the Petitioner has demonstrated the inadequacy or ineffectiveness of Section 2255 to redress his claims.

Here, the Petitioner is faced with the resolute fact that, as a result of his guilty plea, he is precluded from seeking collateral, or direct appeal of his sentence, except on the question of whether the Trial Court had jurisdiction, and/or the plea was voluntarily and knowingly obtained. United States v. Apker, 174 F.3d 934, 938 (8th Cir. 1999), citing Walker v. United States, 115 F.3d 603, 604 (8th Cir. 1997)("The general rule is that a valid guilty plea waives all non-jurisdictional defects."); Mack v. United States, 853 F.2d 585, 586 (8th Cir. 1988)("[A] plea of guilty * * * waives all challenges to the prosecution either by direct appeal or by collateral attack, except challenges to the court's jurisdiction."); United States v. Broce, 488 U.S. 563, 569 (1989) (noting that collateral inquiry into a guilty plea "is ordinarily confined to whether the underlying plea was both counseled and voluntary"); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir. 1998)(a defendant's waiver of right to bring collateral attack "through motion to vacate, set aside, or correct sentence [does]

not bar challenge to that waiver based on ineffective assistance of counsel or involuntariness.”). As was the case in Apker, the Petitioner appears to have failed to challenge the validity of his plea on direct appeal and, therefore, he appears to have waived any such claim in this collateral proceeding. See, United States v. Apker, supra, citing Bousley v. United States, 523 U.S. 614 (1998) (“[E]ven the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.”). The Petitioner’s own procedural default of his right to collateral review, however, does not satisfy the “inadequate” or “ineffective” prongs of Section 2255’s safeguard provision.

The Petitioner’s claim, that he cannot obtain the relief he seeks under Section 2255, does not so much as aver that “a new rule of constitutional law” -- let alone one that “eludes the permission in section 2255 for successive motions,” see, In re Davenport, supra at 611, -- or newly discovered evidence, which establishes his innocence, are at play here. As such, the Petitioner’s argument, that his recourse under Section 2255 is inadequate and/or ineffective must be rejected, as being wholly without merit. The relief that the Petitioner seeks, if any there be, must be sought from the Sentencing Court in the District of Oregon. Accordingly, we are without jurisdiction to consider the merits of the Petitioner’s claims of error.

NOW, THEREFORE, It is --

RECOMMENDED:

That the Petition for a Writ of Habeas Corpus [Docket No. 1] be summarily dismissed.

Raymond L. Erickson
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than March 17, 2000,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than March 17, 2000,** unless all interested parties stipulate

that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.